**Candice Denice MILLER, Appellant,**

v.

**Richard M. MILLER, Appellee.**

No. 12–93–00143–CV.

Court of Appeals of Texas, Tyler.

April 28, 1995.

Rehearing Overruled June 5, 1995.

Dan Childs, Jacksonville, for appellant.

William M. House, Jr., Palestine, for appellee.

## HOLCOMB, Justice.

This is an appeal from a default judgment of divorce that the court entered in favor of Appellee, Richard M. Miller ("Richard"), against Appellant, Candice D. Miller ("Candice"). In her first point of error, Appellant contends that the court erred when it overruled her motion for new trial. In her second point, Appellant questions whether the return of service complied with Rule 107 of the TEXAS RULES OF CIVIL PROCEDURE. TEX. R.CIV.P. 107 (Vernon 1979). In her remaining points, Appellant challenges the sufficiency of the evidence to support: (1) the court's finding that Appellee had been a resident in the county 90 days; (2) the court's division of the parties' property; and (3) the court's award of conservatorship of the children. We will reverse and remand.

In December of 1992, Candice hired Hulon Brown as her attorney to file an original petition for divorce in Cherokee County. Temporary orders were also issued. William House, Richard's attorney, appeared for Richard. The court in Cherokee County abated the temporary proceedings because the court found that Candice had not been a resident of Cherokee County for 90 days preceding the day she had filed for divorce. *See* TEX.FAM.CODE.ANN. § 3.21 (Vernon 1993). House was ordered to prepare the written order of abatement, but he failed to do so.

In January of 1993, Richard filed for divorce in Anderson County. Temporary orders, including a writ of attachment, were issued. Candice was served with citation and notice that the temporary hearing was set for January 14, 1995. Brown called House and asked House if he would agree to continue the temporary hearing because Brown was ill. Although neither attorney officially appeared at the temporary hearing to ask the court for a continuance on the record, the court passed the case. Brown then advised Candice that he could no longer represent her because of his illness. At this point, Brown had not filed an answer to the Anderson County petition that had been filed by Richard.

Shortly thereafter, Candice consulted with another attorney, Daniel Childs, and asked him to represent her in the divorce proceedings. To the best of her knowledge, Candice advised Childs that the divorce had been abated in Cherokee County and that Brown and House had agreed to pass the Anderson County temporary hearing which had previously been set. Candice was not aware that Brown had failed to file an answer on her behalf in Anderson County. Childs agreed

to represent Candice, but advised her that he could not take any action on her case for at least two weeks because he was involved in two felony criminal trials in Cherokee County.

On March 11, 1993, Richard and House appeared before the court to seek a default judgment against Candice. The Anderson County Court then proceeded to grant the divorce, to divide the community property according to Richard's request, and to appoint Richard as the managing conservator of the children.

When Candice received notice that a default judgment had been rendered against her, she contacted Childs. On April 8, 1993, Childs filed a motion for new trial with supporting affidavits. In the affidavits, he stated that Candice's failure to file an answer prior to the final hearing was the result of a mistake rather than a result of intentional, conscious indifference toward her case. Childs also stated in the affidavits that Candice was confused about the necessity to file an answer because she did not understand the significance of the abatement of the divorce action in Cherokee County. Neither Candice nor Childs was aware that Brown had not made an official appearance in Anderson County. Because the case in Anderson County had been passed by agreement, both Candice and Childs assumed that Brown had appeared before the court and filed an answer.

In her first point of error, Candice contends that the trial court abused its discretion when it overruled her motion to set aside the default judgment and grant a new trial. She argues that the evidence was sufficient to satisfy the elements set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). We agree.

The historical tendency has been to grant a new trial in a default judgment case liberally. *Iley v. Reynolds*, 319 S.W.2d 194 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.). For over 55 years, the basic authority on this question has been the Supreme Court's decision in *Craddock*. *Craddock*, 133 S.W.2d at 124. The test in *Craddock* is three-fold: (1) the failure of Candice to appear for trial must not have been intentional, or the result of conscious indifference on her part, but due to a mistake or an accident; (2) the motion for new trial must set up a meritorious defense; and (3) the granting of a new trial must not have caused a delay or otherwise worked an injury to Richard. *Id.* When the prerequisites of *Craddock* are met the court should grant a new trial. *Aetna Life & Casualty Co. v. Lyon*, 576 S.W.2d 114, 116 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.).

In this case, it is undisputed that the two original petitions for divorce that were filed in two different counties, combined with Candice's substitution of counsel, caused Candice to be confused. There was no indication that Candice intentionally failed to answer, nor was there any indication of conscious indifference on her part. Candice believed she was properly represented at all times during the case. After she was informed that the first attorney she had retained was ill, Candice consulted and retained a second attorney. Unless she had been told differently, a reasonable layperson could have concluded that the Anderson County case was an extension of the Cherokee County case. Childs reasonably assumed that Brown had filed an answer in Anderson County because the court had set the temporary hearing on January 14, and it had been passed by agreement by the two attorneys.

Richard argues that both Candice and Childs were negligent because neither one of them attempted to determine the exact status of the case by calling the court clerk before the time had expired to file an answer. However, the test for determining whether a new trial should be granted is the parties' intentional failure or conscious indifference, rather than mere acts of negligence. *O'Hara v. Hexter*, 550 S.W.2d 379, 382 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.); *General Portland, Inc. v. Collins*, 549 S.W.2d 757, 759 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). We conclude that Candice made a conscious effort to ensure that her rights were being protected and did everything she knew to do as a layperson. Her failure to

file an answer was not intentional, nor was it the result of any indifference.

 We next address whether Candice has satisfied the second prong of *Craddock* by "setting up" a meritorious defense. A meritorious defense is one that, if proven, would cause a different result on retrial of the case. *Moving Co. v. Whitten*, 717 S.W.2d 117 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). A party is not required to conclusively prove the truth of a meritorious defense before the party is entitled to a new trial. *Id.* The court should not deny the motion on the basis of any contradictory testimony that is offered by the opposing party. *Guaranty Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex.1982). The facts in support of the meritorious defense may be set forth by affidavit or other competent evidence. *Id.*

In this case, the motion for new trial filed by Candice alleged that: (1) Richard had physically abused Candice while she was in the presence of the children; (2) the children were subject to an abusive and dangerous environment while in the possession of Richard; (3) Richard had not, and did not provide proper care and training for the children; (4) Candice had been responsible for the education, training, and discipline during the children's lives; (5) Candice had a stronger, more loving rapport with the children than Richard; and (6) the children would be more comfortable, more stable, and would receive better care if the court would appoint her managing conservatorship. Because of the physical abuse she had suffered during the marriage, Candice also alleged that the court's division of the community assets was inequitable.

At the hearing on the motion for new trial, Candice offered substantially the same evidence as had been stated in her motion and affidavits. Richard's effort to controvert the evidence was minimal. We hold that Candice adequately stated a meritorious defense and satisfied the second prong of *Craddock.*

 Candice's motion for new trial also made the necessary allegations that a new trial would not cause the case to be unnecessarily delayed or prejudice Richard, and that Candice was ready to go to trial. Candice offered to reimburse Richard for the reasonable costs and expenses that he had incurred in taking the default judgment. Traditionally, allegations that the defendant is prepared to proceed to trial and is willing to reimburse the petitioner for the expenses and costs incurred in obtaining a default judgment is sufficient. *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex.1976). Had the court in this case granted the motion for new trial in favor of Candice, Richard would not have been prejudiced by the delay because Richard had already allowed the hearing for temporary orders to be passed and had sought no other affirmative action from the court.

Given the guidelines that are before us, we hold that the trial court abused its discretion when it overruled the motion for new trial. This case not only addresses the adjudication of property rights, it also addresses concerns for the welfare of the children. We believe that society has an interest in the proper adjudication of these interests. Point of error number one is **sustained.**

Because we have sustained Appellant's first point, we will not address the remaining points of error.

The judgment of the trial court is **reversed and the cause is remanded to the trial court for a new trial.**

## JUDGMENT

THIS CAUSE came to be heard on the record, and the same being inspected, it is this Court's opinion that there *was error in the judgment as entered by the trial court.*

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below is hereby reversed and this cause is remanded for a new trial in accordance with the opinion of this Court.

It is FURTHER ORDERED that all costs incurred by reason of this appeal, both in this Court and in the court below, are adjudged against the Appellee, Richard M. Miller, for which let execution issue; and that this deci-

sion be certified to the court below for observance.