NO.
12-05-00216-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LYNDEL MASSEY,  §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY COURT AT LAW

 

KEVIN
L. MASSEY,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Lyndel Massey
appeals a postanswer default judgment rendered against him.  The trial court awarded actual damages in
favor of Appellee, Kevin L. Massey, and ordered that Lyndel take nothing.  In two issues, Lyndel challenges the trial
court’s refusal to grant his motion for new trial and the damage amount
awarded.  We reverse and remand for a new
trial.

 

Background

            Lyndel Massey brought suit against
Kevin L. Massey in small claims court for dishonoring a  check in the amount of $3,750.00.  Lyndel’s pleadings stated that Kevin borrowed
the money to close a real estate transaction and then postdated a check payable
to Lyndel for reimbursement.  However,
Kevin stopped payment on the check and never repaid the amount owed to Lyndel.  Kevin denied the allegations and filed a
counterclaim against Lyndel for conversion of personal property.  Judgment was rendered in favor of Lyndel in
both causes.  Kevin appealed to the
county court at law[1] where the causes were consolidated.

            Although both parties were
originally represented by counsel, Lyndel agreed to allow his counsel to
withdraw.  At a hearing held on March 21,
2005, Kevin appeared and offered his opinion on the value of the farm equipment
he claimed Lyndel converted.  Lyndel did
not appear at the hearing and, thus, failed to offer contradictory proof on the
conversion counterclaim or proof on his original claim against Kevin for
dishonoring the check.  The trial court
granted a default judgment against Lyndel. 
In the trial court’s final judgment signed April 11, 2005, the court
found that Lyndel’s allegations against Kevin for dishonoring a check were not
proven and ordered that Lyndel take nothing on his claim against Kevin.  The trial judge also entered judgment against
Lyndel for $16,250.00 in damages for conversion of a “Kabota” tractor, a four
foot tiller, a four foot box blade, a nine inch auger, a “Chippewa” grinder,
and a power washer.  Lyndel remained
unrepresented by counsel until after the default judgment was entered against
him. 

            On May 10, 2005, after receiving
notification from the court of the default judgment, Lyndel timely filed a
motion for new trial.  In his motion,
Lyndel stated that he had not received notice of the trial date and requested a
new trial.  Kevin filed a response to
Lyndel’s motion for new trial, stating that his attorney notified Lyndel of the
trial setting in a letter dated December 17, 2004.  The court granted a hearing on the matter.

            On June 24, the trial court
conducted a hearing by telephone conference. 
In that hearing, Lyndel admitted that he received the December 17 letter
from Kevin’s attorney.  The letter stated
that trial had been set for March 21, 2005. 
However, Lyndel said that upon receiving that letter, he  mistakenly thought that Kevin was requesting
March 21 as the date for trial.  He
called the clerk of the court in an attempt to verify the trial date and
time.  He was told that no date had been
set for trial, but that the court clerk would notify him when a date was
established.  Lyndel never received such
a notification.  His first notice was a
copy of the default judgment.

            Lyndel testified further that he was
retired and he frequently traveled.  In
particular, at the time of trial, Lyndel said that he was traveling in “the big
bend country.”  He had been traveling for
most of January, February, March, and April of that year and denied receiving
or refusing any other letters from Kevin’s counsel.  Lyndel testified that he would have arranged
to be in town for court had he been aware of the trial date.  He claimed that he did not consciously ignore
the court’s trial setting nor was he trying to be consciously indifferent to
the setting.  Lyndel said that his
failure to appear in court was due to a mistake or misunderstanding.  He also said he was not represented by trial
counsel at the time of the trial. 
Concerning Kevin’s counterclaim, Lyndel denied converting the farm
equipment.  He requested the court to set
aside the default judgment and grant a new trial.

            Kevin’s attorney testified that he
personally executed and supervised the mailing of the  letter notifying Lyndel of the court’s trial
date.  Counsel noted that he had filed
with the court a copy of the return receipt showing that Lyndel received the
December 17 letter on December 20.  Kevin’s
attorney also filed copies of several other envelopes addressed to Lyndel,
postmarked in February and March 2005, that were marked by the United States
Postal Service as “unclaimed,” “ref,” or “refused.”  He contended that Lyndel had ignored mail
from him.  Kevin’s attorney conceded,
however, that Henderson County courts had proven to be confusing to him,
particularly in light of the transfer of the case from small claims court to a
county court at law.  He said he “understand[s]
how Mr. Massey might have encountered the same confusion.”  

            The trial court denied Lyndel’s
motion for new trial.  On July 8, 2005,
Lyndel filed a motion for rehearing with the trial court. That motion was
denied by operation of law.  This appeal
followed.

 

Motion for New
Trial

            In his second issue, Lyndel contends
that the trial court erred in denying his motion for new trial.  Kevin did not file an appellate brief.

Standard of
Review and Applicable Law

            A trial court’s decision to deny a
motion for new trial is reviewed for abuse of discretion.  See Dir., State Employees Workers’
Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).  Lyndel’s motion for new trial asserts that
the trial court improperly granted a default judgment.  A default judgment should be set aside and a
new trial ordered under the following circumstances:

 

1.             The
failure of the defendant to answer before judgment was not intentional or the
result of conscious indifference on his part, but was due to a mistake or an
accident;         

                2.             The motion for a new trial sets up
a meritorious defense; and

 

                3.             The motion is filed at a time when
the granting thereof will cause no delay or otherwise work an injury to the
plaintiff.

Craddock v.
Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939);
see also Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987)
(the prerequisites for granting a motion to set aside a trial court’s default
judgment also apply to a postanswer default judgment).  The historical trend in default judgment
cases is to liberally grant new trials.  Miller
v. Miller, 903 S.W.2d 45, 47 (Tex. App.–Tyler 1995, no writ).  This is because the law prefers that cases be
disposed on their merits wherever possible, rather than by default.  See Reed v. City of Dallas, 774
S.W.2d 384, 386 (Tex. App.–Dallas 1989, writ denied).  As such, where the elements of the Craddock
test are satisfied, a trial court abuses its discretion by not granting a new
trial.  Bank One,
Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex. 1992). 

Application of Law to
Facts

            Conscious Indifference                                                

            “In
determining whether the failure to appear was due to intentional disregard or
conscious indifference[,] we must look to the knowledge and acts of the
defendant.”  Strackbein v. Prewitt,
671 S.W.2d 37, 39 (Tex. 1984).  Conscious
indifference requires more than negligence; some excuse, but not necessarily a
good excuse, is enough to show a lack of intentional conduct or conscious
indifference.  Perry v. Stanley,
83 S.W.3d 819, 827 (Tex. App.–Texarkana 2002, no pet.).

            In this
case, Lyndel testified that his failure to appear at trial was based on a
mistake or accident.  He said he believed
the December 17 letter from Kevin’s attorney was informing him of the date that
Kevin had requested for trial – not a date that had actually been set.  In response to the letter, Lyndel called the
clerk of the court to verify the date. 
He was told that the court had not set a date yet.  The clerk also told Lyndel that he would be
informed by the court when a date had been set. 
Kevin’s response to Lyndel’s motion for new trial stated that Lyndel
received the December 17 letter notifying him of the trial date and that he did
not claim several other letters.  Lyndel
denied refusing any mail from Kevin’s attorney and explained that he was
traveling during that time.  We conclude
that Lyndel’s testimony concerning his confusion about the December 17 letter
and his ensuing telephone conversation with the court clerk is sufficient to
support his contention that his failure to appear was the result of a mistake
or accident.

            Meritorious Defense

            Lyndel
contends that his motion for new trial set up a meritorious defense.  He asserted that he can prove Kevin owed him
$3,750.00 and that Kevin stopped payment on a check in that amount and has yet
to repay the money owed.  Lyndel denied
having possession of the farm equipment, asserted that he never had possession,
and thus, had not failed to return the equipment to Kevin.  Lyndel challenged the fair market value of
the equipment as given by Kevin. 
Further, Lyndel alleged that another party (unnamed) might have an
ownership interest in the farm equipment. 
A party is not required to prove the truth of a meritorious defense
before the party is entitled to a new trial. 
See Miller, 903 S.W.2d at 48.  However, a meritorious defense is one that,
if proven, would cause a different result on retrial of the case.  Id.   We conclude that Lyndel set up a meritorious
defense in his motion for new trial.

            Delay or Injury            

            Finally,
in his motion for new trial, Lyndel stated that he was ready to proceed to
trial on the merits.  He also offered to
pay Kevin’s expenses in obtaining the default judgment.  Once Lyndel alleged that granting his motion
would not cause delay or injury, the burden shifted to Kevin to prove such
prejudice.  See Evans, 889
S.W.2d at 270.  Kevin’s response to
Lyndel’s motion for new trial is silent as to any undue delay or prejudice he
might suffer as a result of a new trial. 
Consequently, Kevin did not meet his burden of showing injury in
response to Lyndel’s motion for new trial.

            Lyndel
satisfied the Craddock requirements; thus, we conclude that the
trial court abused its discretion by denying Lyndel’s motion for new
trial.  Accordingly, Lyndel’s second
issue is sustained.

 

Disposition

            Because
we have sustained Lyndel’s second issue and it is dispositive in this case, we
need not address his first issue.  See
Tex. R. App. P. 47.1.   We reverse the judgment of the
trial court and remand for a new trial.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion
delivered June 30, 2006.

Panel consisted of Worthen, C.J., and Griffith, J.

 

(PUBLISH)











[1] See Tex. Gov’t
Code Ann. § 28.052(b) (Vernon Supp. 2005).