COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK WM. ANDERSON, | § | No. 08-07-00156-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 65th District Court |
| CYNTHIA DIANE ANDERSON, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2005CM6242) |
| | § | |

**O P I N I O N**

Cynthia Diane Anderson (Appellee) sued her husband Patrick Wm. Anderson (Appellant) for divorce. Appellant filed an Original Answer and Counter-Petition for divorce. A final hearing was held on February 15, 2007. Neither the Appellant nor his attorney showed up for the final hearing. A default judgment was rendered on February 15, 2007. On March 9, 2007, a Final Decree of Divorce was filed. On March 12, 2007, a Motion for New Trial was filed on behalf of the Appellant. This Motion for New Trial was denied by operation of law on May 26, 2007. On June 20, 2007, the court denied the Appellant's Motion to Reconsider and Second Motion for a New Trial. Finally, on June 21, 2007, the Appellant filed his notice of appeal. He presents three issues for review. First, whether the trial court erred in not granting the Motion for New Trial before it was overruled by operation of law. Second, whether the award of tract 13Q, Block 1, to the Appellee as her separate property was error. And third, whether it was error for the trial court to grant a protective order prohibiting the Appellant from owning a weapon when the Appellee did not file an application for a protective order. We reverse the trial court's judgment and remand for further proceedings.

# I. STANDARD OF REVIEW ISSUE ONE

We review the denial of a motion for new trial under an abuse of discretion standard. *Munoz v. Rivera*, 225 S.W.3d 23, 26 (Tex.App.–El Paso 2005, no pet.). To set aside a post-answer default judgment, the defendant must show: (1) that failure to appear at trial was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) that there exists a meritorious defense to the suit; and (3) that granting the motion will not delay or otherwise work an injury to the plaintiff. *Id.* (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). A trial court abuses its discretion in failing to grant a new trial if all three *Craddock* elements are met. *Id.* (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)).

In determining whether there is intentional disregard or conscious indifference, the trial court examines the knowledge and acts of the parties who failed to appear. *In re K.A.R.*, 171 S.W.3d 705, 717 (Tex.App.–Houston [14th Dist.] 2005, no pet.). A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather, it must also be without justification. *Id.* Proof of such justification, accident, mistake, or other reasonable explanation negates intent or conscious indifference. *Id.* If the factual assertions in a defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Munoz*, 225 S.W.3d at 28 (citing *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994)). In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Id.*

Keeping in mind the *Craddock* elements and the standard of review, this Court will analyze each element individually in order to determine if the trial court abused its discretion in denying the Motion for New Trial. However, before we review the *Craddock* elements, we must first determine

if the Motion for New Trial was properly filed and preserved for appellate review. Appellee argues that because the Motion for New Trial was overruled by operation of law and a hearing was not heard until after the Motion for New Trial was overruled by operation of law, the Appellant has waived this issue.

## II. MOTION FOR NEW TRIAL

The original Motion for New Trial was filed on March 12, 2007. Appellant submitted a hearing request form to the trial court on May 4, 2007. The trial court set the hearing for June 4, 2007, a date after the 75th day following the entry of Default Judgment, but still within the trial court's thirty days of plenary power. *See* TEX.R.CIV.P. 329b(e). At the June 4 hearing on the motion, the trial court ruled that the Motion for New Trial had been overruled by operation of law, and denied the motion without hearing testimony or receiving evidence. On June 11, 2007, Appellant filed a Motion to Reconsider and Respondent's Second Motion for New Trial. The Appellant presented evidence in the Second Motion for New Trial establishing that a hearing had been requested on May 4 and that the court set the motion for hearing on June 4, a date after the 75th day, but within the court's thirty days of plenary power. Appellant argued that had his Motion for New Trial been heard, the court would have granted the motion based on the uncontroverted facts sworn to in the affidavits that met the *Craddock* requirements. The court denied the Motion to Reconsider and Second Motion for New Trial on June 20, 2007, before the plenary power of the trial court expired. A transcript of that hearing was requested by this Court of the official court reporter, and on February 23, 2009, she reported that none was taken.

In *Hawkins v. Howard*, Howard argued that the trial court was not required to hear evidence on a motion for new trial at a hearing held one hundred days after the final judgment was signed, because the motion for new trial had been overruled by operation of law. 97 S.W.3d 676, 678

(Tex.App.–Dallas 2003, no pet.). The Dallas Court of Appeals held "[t]he hearing on the motion for new trial in this case was conducted within thirty days after it was overruled by operation of law. Because the trial court had plenary power to grant the motion at the time it conducted the hearing, we conclude it had the same obligation to hear evidence as if the hearing had been conducted within the seventy five-day period." *Id.* When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts alleged by the movant would entitle him to a new trial. *Hawkins*, 97 S.W.3d at 678. We find that the trial court abused its discretion in denying the first Motion for New Trial on the grounds that the motion had already been overruled by operation of law and in failing to conduct a hearing at the June 4 setting when the court had plenary power to grant the motion.

Having found that the issue on the Motion for New Trial is properly before this Court, we will now review the Motion for New Trial under the *Craddock* framework.

### III. *CRADDOCK* ELEMENTS

#### A. Failure to Appear at Trial

The first *Craddock* element requires the moving party show that the failure to appear at trial was not intentional or the result of conscious indifference, but was due to mistake or accident. *Craddock*, 133 S.W.2d at 126; *Munoz*, 225 S.W.3d at 26.

Appellant's original Motion for New Trial was supported by the affidavits of Appellant and Appellant's counsel. Appellant's affidavit states that as he was preparing to leave his residence, on the morning of the final hearing, he received a phone call from the office of his attorney, Eduardo Vasquez. Appellant was informed that counsel was ill and would not be able to attend the final hearing and that the court had been called to reschedule the final hearing. Based on this information, Appellant did not attend the hearing and admits that he mistakenly believed that the hearing would

be moved to another date. Eduardo Vasquez's affidavit states that on the night before the final hearing, February 14, 2007, he developed gastrointestinal issues. On the morning of the hearing his condition had improved, but he was still bedridden and unable to go to work. Vasquez's office was informed that it was impossible for Vasquez to go to work and was requested to contact the necessary entities as to the circumstances. Appellee's response to the Motion for New Trial rests on the argument that the Motion for New Trial was overruled by operation of law. Appellee fails to respond to the three *Craddock* elements and does not controvert the Appellant's affidavits. If the factual assertions in a defendant's affidavt are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate the intentional or consciously indifferent conduct by the defendant. *Evans*, 889 S.W.2d at 269; *Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984).

We find that the absence of both the Appellant and his attorney although deliberate, was justified given the circumstances surrounding the morning of February 15, 2007 and that the failure to appear at the final hearing was not due to intentional disregard or conscious indifference. *See In Re K.A.R.*, 171 S.W.3d at 717.

## B. Meritorious Defense

The second *Craddock* element requires the defaulting defendant establish a meritorious defense. *Craddock*, 133 S.W.2d at 126. Meaning, the movant "must allege [f]acts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). That does not mean that a party must conclusively prove the truth of the defense being raised. *Miller v. Miller*, 903 S.W.2d 45, 48 (Tex.App.–Tyler 1995, no pet.). The true test is whether or not the defense raised and supported with evidence would change the result of the default judgment. *Id.*

In the default judgment the court awarded a tract of land with the legal description of Tract 13Q, Block 1, Socorro, Grant in its entirety to the Appellee as her sole and separate property. In the Appellant's Motion for New Trial, he argues that "[r]espondent owns an interest in separate property and community property whose just and right division would cause a different result on retrial. The real property and some personal property awarded to the Petitioner is Respondent's separate property." In his affidavit Appellant states that Tract 13Q, Block 1, Socorro, Grant, El Paso County, Texas is his separate property, purchased prior to his marriage to Appellee. Appellee did not controvert Appellant's assertions in her response to the Motion for New Trial.

Appellee then argues that because Appellant did not raise a claim of separate property in the original pleadings, his claim has been waived. A party's failure to plead a separate property claim in a divorce proceeding does not bar the trial court from characterizing residential property as separate property. The general denial properly raises the issue of ownership of the property. *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex.App.–Dallas 2008, no pet.); *see also* TEX.R.CIV.P. 92 (general denial of matters pleaded by adverse party which are not required to be denied under oath, shall be

sufficient to put the same in issue). Further, in a divorce suit, the trial court may construe the pleadings of the parties with regard to property division more liberally than in other civil cases. *Chavez*, 269 S.W.3d at 766; *Lindsey v. Lindsey*, 564 S.W.2d 143, 145 (Tex.Civ.App.–Austin 1978, no writ).

We find that the Appellant's uncontroverted affidavit sets up a meritorious defense that if supported by the evidence, will change the result of the default judgment. A court is given discretion in dividing community property but is not permitted to divest someone of their separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139-40 (Tex. 1977). A divestiture of separate property would be a violation of the Texas Constitution and Texas Family Code. *See* TEX.CONST. art. XVI § 15; TEX.FAM.CODE ANN. § 7.001 (Vernon 2006).

### C. Delay or Injury

The final *Craddock* element requires that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the nonmoving party. *Craddock*, 133 S.W.2d at 126. If the appellant's motion for new trial represented that granting the motion would not cause delay or prejudice the burden shifts to the nonmoving party to show injury. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 393 (Tex. 1993). The Appellee has failed to show that the granting of the motion would cause her any disadvantage, delay, or injury. The record indicates that the original petition for divorce was filed on September 19, 2005, approximately eighteen months later on March 9, 2007, the Decree of Divorce was filed. Several motions were filed in that time and set for hearing and cancelled or rescheduled. The record also indicates that both parties bore some responsibility for the delays caused in that period of time. In his motion Appellant offered to go to trial immediately and to reimburse Appellee for all reasonable expenses incurred in the default. We find that the Appellant

carried his burden and established that the granting of the Motion for New Trial would not have caused delay or injury.

## IV. <u>CONCLUSION</u>

Because Appellant met the *Craddock* elements in his Motion for New Trial, we conclude that the trial court abused its discretion in failing to set aside the default judgment and grant the Motion for New Trial. Accordingly, we reverse the default judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion. Because Issue One is dispositive, it is unnecessary to rule on Issue Two or Issue Three.


GUADALUPE RIVERA, Justice

March 12, 2009

Before Chew, C.J., McClure, and Rivera, JJ.