

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00472-CV

---

CARINA RIBEIRO ZAPPAVIGNA                                    APPELLANT

V.

JOSEPH ZAPPAVIGNA                                            APPELLEE

----------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In one issue, Appellant Carina Ribeiro Zappavigna, pro se, appeals the trial court's denial of her motion for a new trial. We affirm the trial court's judgment.[2]

---

[1]*See* Tex. R. App. P. 47.4.

[2]Although Carina's pro se brief fails to meet several requirements of rule of appellate procedure 38.1, including failing to make a clear and concise argument with citations to authority, *see* Tex. R. App. P. 38.1(i), we address the merits of

## II. Background Facts

Appellee Joseph Zappavigna and Carina were married in Portugal in 2000, had two children, and moved to Texas in 2006. In November 2009, Carina traveled back to Portugal with the children. The parties dispute whether she was to remain in Portugal or return after the end of the year, but Carina and the children never returned from Portugal.

Joseph filed for divorce, and although he attempted service on Carina in Portugal, Carina did not answer or appear. The trial court granted the divorce in September 2010.

Carina filed a motion for a new trial and appeared via telephone at the hearing on her motion. She was represented by counsel at the hearing. The trial court granted Carina's motion, finding that she was properly served before the prior default judgment, that the trial court had jurisdiction over the case, and that property division and child custody issues remained. At a subsequent temporary orders hearing, the trial court named both parties joint managing conservators, ordered Joseph to pay $25,000 to Carina's attorney and to pay child support, and ordered Carina to deliver the children to Joseph for summer vacation.

With trial set for October 17, 2011, Carina's attorney filed an unopposed motion to withdraw on September 29, 2011, citing Carina's inability to pay due to

her claim in the interest of justice. *See Avila v. Avila*, No. 03-05-00030-CV, 2006 WL 2986225, at *3 n.3 (Tex. App.—Austin Oct. 20, 2006, no pet.) (mem. op.) (noting that an appellate court may address the merits of an appeal despite inadequate briefing).

Joseph's failure to pay court-ordered attorney's fees as the ground for the motion. The trial court granted the motion to withdraw.

Carina neither obtained new counsel nor appeared at the final trial, and the trial court again granted the divorce. Carina filed a motion for a new trial, and the trial court denied her motion. Carina failed to appear at the hearing on her motion. This appeal followed.

### III. Motion for New Trial

In her only issue, Carina appeals the denial of her motion for new trial.

### A. Standard of Review

"We review a trial court's refusal to grant a motion for new trial for abuse of discretion." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *see also Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We cannot conclude that a trial court abused its discretion merely because we would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on

3

conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

Under *Craddock*, a trial court should set aside a default judgment and grant a new trial when (1) the movant's failure to appear "was not intentional, or the result of conscious indifference . . . , but was due to a mistake or an accident"; (2) the motion "sets up a meritorious defense"; and (3) granting the motion "will occasion no delay or otherwise work an injury to the plaintiff." *See* 133 S.W.2d at 126.

Because the best interest of the child is the primary concern in cases involving parental rights, *see* Tex. Fam. Code Ann. § 153.002 (West 2008), "the court should ensure that it is as well informed as the circumstances allow. . . . [A]nd technical rules of pleading and practice are not of controlling importance." *In re E.P.C.*, No. 02-10-00050-CV, 2010 WL 5187691, at *1 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.) (citing *Williams v. Williams*, 150 S.W.3d 436, 446 (Tex. App.—Austin 2004, pet. denied)).

## B. Discussion

Carina claims that the trial court erred by denying her motion for new trial because her absence was excused due to her attorney's withdrawal seventeen days before trial. In her motion for new trial, Carina stated that she failed to appear because she was forced to allow her attorney to withdraw when Joseph

4

failed to pay her attorney's fees and she could not otherwise afford to retain counsel.

A defaulting party must provide some excuse for failing to appear that is supported by some evidence. *Id.* at *2. Proof of adequate justification—such as accident, mistake, or other reasonable explanation—is required to negate intent or conscious indifference. *Metro A, LLC v. Polley*, No. 02-09-00025-CV, 2011 WL 4413233, at *8 (Tex. App.—Fort Worth Sept. 22, 2011, pet. denied) (mem. op.) (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995)). We consider Carina's knowledge and acts when determining whether her failure to appear at the final trial was intentional or due to conscious indifference. *See Green Tree Servicing, LLC v. Travis Cnty.*, No. 03-10-00709-CV, 2011 WL 3890408, at *3 (Tex. App.—Austin Aug. 31, 2011, no pet.) (mem. op.).

The record shows that Carina knew as early as September 5, 2011—forty-five days before trial—that her attorney was going to file a motion to withdraw. Indeed, Carina edited the motion and fully consented to it. Further, the record shows that Carina knew of the trial date but did not contact the trial court regarding her inability to attend or attempt to secure new counsel. These facts demonstrate an intentional or conscious failure to appear, not a mistake or accident. *See E.P.C.*, 2010 WL 5187691, at *3 (holding that appellant's failure to respond to her attorney's withdrawal notice or to inform the trial court that she could not attend trial reflected intentional or conscious indifference); *Fountain v.*

5

*Fountain*, No. 03-03-00728-CV, 2005 WL 121865, at *3 (Tex. App.—Austin Jan. 21, 2005, no pet.) (mem. op.) (holding that appellant failed to meet the first *Craddock* requirement when she failed to appear at trial, contact the court, or attempt to find a new attorney even though her attorney withdrew only five days before trial and appellant alleged that she was incarcerated at the time); *O'Connell v. O'Connell*, 843 S.W.2d 212, 217–18 (Tex. App.—Texarkana 1992, no writ) (affirming trial court's denial of appellant's motion for new trial when appellant had previously filed four motions for continuance, was aware of the trial setting, and wrote the judge a letter explaining that she could not appear due to her desperate financial situation, was temporarily out of state, and needed time to hire a new attorney.) Therefore, we overrule Carina's sole issue and need not reach her remaining arguments.[3] *See* Tex. R. App. P. 47.1.

---

[3]Nonetheless, we note that although Carina asserts that the evidence she attached to her motion for a new trial proves that she has a meritorious defense, aside from facts and allegations related to events that occurred after the hearing on Carina's first motion for new trial, including unpaid child support and attorney's fees, and the parties' argument over video conference arrangements, Carina offered no new evidence, and many of the facts alleged in Carina's motion are conclusory and not supported by the evidence that she attached. *See Anderson v. Anderson*, 282 S.W.3d 150, 155 (Tex. App.—El Paso 2009, no pet.) ("The true test is whether or not the defense raised and supported with evidence would change the result of the default judgment."); *see also Green Tree Servicing*, 2011 WL 3890408, at *4 (holding that conclusory allegations alone are insufficient to set up a meritorious defense). Those that are supported by the attached evidence fail to raise a defense that if proved would change the result of the default judgment. *See In re Marriage of Gonzalez*, No. 07-02-00528-CV, 2005 WL 354290, at *2–3 (Tex. App.—Amarillo Feb. 14, 2005, no pet.) (mem. op.) (holding that appellant's unsupported claim that the trial court wrongly divested him of a separate property contribution claim failed to set up a meritorious defense); *cf. Anderson*, 282 S.W.3d at 155 (holding that appellant raised a

6

## IV. Conclusion

Having overruled Carina's sole issue, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  March 28, 2013

---

meritorious defense by claiming in her affidavit that her separate property was erroneously awarded to appellee); *Miller v. Miller*, 903 S.W.2d 45, 48 (Tex. App.—Tyler 1995, no pet.) (holding that appellant set up a meritorious defense by alleging that she should have been appointed managing conservator and offering evidence of specific acts of physical violence to support her allegation).

Further, considering the final decree in light of the best interest of the child standard applicable here, we note that this decree is more consistent with this state's policy favoring frequent parent-child contact and the appointment of parents as joint managing conservators than the first decree.  *See* Tex. Fam. Code Ann. §§ 153.001(a), .002, .131(b) (West 2008); *see also Comanche Nation v. Fox*, 128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.) (advocating liberal application of *Craddock* with a view to the best interest of the child in suits affecting the parent-child relationship).  Specifically, the child custody provisions of the first decree named Joseph as sole managing conservator and granted Carina only supervised visitations in Texas.  The second decree, however, named both parents joint managing conservators and granted Carina unsupervised visitation, provided she posts a bond, including the ability to take the children to Portugal.