

# NUMBER 13-17-00704-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LORA RAE CHILDRESS,                                                    Appellant,

**v.**

DANNY RAY REGALADO,                                                    Appellee.

### On appeal from the 25th District Court
### of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant Lora Rae Childress appeals from a default divorce decree entered in favor of appellee Danny Ray Regalado. By one issue, Lora argues the trial court erred in denying her motion for new trial.[1] We reverse and remand.

---

[1] Danny has not filed a brief to assist us with this appeal.

## I.  BACKGROUND

Lora and Danny married in 1999 and had two children.  On February 22, 2017, Danny filed a petition for divorce against Lora on the grounds that their marriage had become insupportable and that they had lived apart without cohabitation for at least three years.  *See* TEX. FAM. CODE ANN. §§ 6.001, 6.006 (West, Westlaw through 2017 1st C.S.).  The first attempt to serve Lora with notice of the suit was returned "unexecuted" because the address provided in Danny's original petition was incorrect, and Danny filed an amended petition in which he provided a different address for Lora.  Lora, although duly and properly served with the amended petition, did not file an answer and did not appear at the final hearing on Danny's amended divorce petition.[2]

On September 22, 2017, the trial court signed a final decree of divorce in which it appointed Lora and Danny as joint managing conservators of their two minor children, adopted a standard possession order, awarded Lora $600 per month in child support, assigned Lora's residence as the primary residence of the children, awarded Danny a vehicle, and awarded the parties' personal effects to the party who had possession.  As to the division of the marital estate, the divorce decree did not award any specific property to Lora and stated "no community property other than personal effects has been accumulated by the parties."[3]

Lora filed a motion for a new trial on October 20, 2017 stating she was never personally served with process and that she only learned about the court date after it

---

[2] The record on appeal does not include a copy of the reporter's record from the hearing on Danny's amended petition for divorce; however, the trial court's docket sheet notes that it granted a "default" divorce.

[3] There is a rebuttable presumption that all the property possessed by either spouse during or on dissolution of marriage is community property.  *See* TEX. FAM. CODE ANN. § 3.003 (West, Westlaw through 2017 1st C.S.).

happened. The motion argued that a new trial should be granted because Danny did not introduce evidence to support an unequal division of the marital estate and because the award of child support was below the statutory guidelines. *See* TEX. FAM. CODE ANN. §§ 7.001, 154.125 (West, Westlaw through 2017 1st C.S.)

Lora attached an affidavit to her motion in which she stated that she was not served with notice of the lawsuit, but she acknowledged that there was a citation in the record which indicated otherwise. Lora explained that Danny and she had jointly approached an attorney in 2015 to prepare an agreed divorce decree and assist them with the divorce process. According to Lora, she signed a divorce decree and a waiver of service as a result, but when she asked Danny if he had filed the divorce papers in August of 2017, he responded that "he didn't have time to worry about the divorce because he was dealing with other child support issues with another woman." Lora explained that later, after the trial court granted the divorce, she learned that Danny had hired a different attorney and filed suit. Upon learning this, Lora searched a stack of papers at her mother's house and located a citation for the divorce suit. Lora stated in her affidavit that she spoke with her brother and believed he may have accepted the citation on her behalf.

In support of her motion for new trial, Lora argued in her affidavit that the divorce decree signed by the trial court awarded Danny with most of the marital estate, including the vehicle she drove, and that the "division is not fair, just, nor equitable." Lora elaborated that Danny made no allegations in support of an unequal division of the marital estate; that he was the primary wage earner during the marriage; that he did not share much, if any, of their financial information with her; and that she was unable to conduct

3

discovery to determine the size of the marital estate. Lora also argued that the child support had been calculated incorrectly because Danny's annual income was reported as $100,000 in his 2015 tax return. Finally, Lora stated that she was "willing and ready to reimburse [Danny] all reasonable expenses incurred in obtaining the default." Danny did not file a response to Lora's motion for new trial, and the motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review a trial court's decision to overrule a motion to set aside a default judgment and grant a new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam); *see Anderson v. Anderson*, 282 S.W.3d 150, 152–53 (Tex. App.—El Paso 2009, no pet.). When a default judgment is attacked by a motion for new trial, the critical question is: "Why did the defendant not appear?" *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (quoting *Fid. & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam)); *see Lynch v. Lynch*, 540 S.W.3d 107, 121 (Tex. App.—Houston [1st Dist.] 2017, pet. filed). If the defendant did not appear because he or she never received the suit papers, then the court should generally set aside a default judgment. *Sutherland*, 376 S.W.3d at 755. But if the defendant received the suit papers and has some other reason for not appearing, then the default judgment will be set aside only if the defendant proves the three prongs of the *Craddock* test. *Id.* (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)).

4

In *Craddock v. Sunshine Bus Lines, Inc.*, the Texas Supreme Court established the standard for setting aside a default judgment. 133 S.W.2d at 126. Under the *Craddock* test, post-answer as well as no-answer default judgments should be vacated and a new trial granted when the defaulting party establishes that: (1) the failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting a new trial will not cause delay or work other injury to the prevailing party. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam); *Craddock*, 133 S.W.2d at 126. When a defaulting party satisfies all three prongs, a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam).

## B.    Analysis

### 1.    Consciously Indifferent or Intentional Conduct

Under the first prong of the *Craddock* test, the trial court was required to determine whether Lora's failure to answer before judgment was rendered was either intentional or the result of conscious indifference on her part. *See Craddock*, 133 S.W.2d at 126. In making this determination, a court must look to the knowledge and acts of the defendant. *Dir. State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994); *Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If a defendant's factual assertions are not controverted by the plaintiff, the defendant satisfies her burden if she has set forth facts which, if true, negate a finding of intentional or consciously indifferent conduct. *In re R.R.*, 209 S.W.3d at 115; *Evans*, 889 S.W.2d at 269. Consciously indifferent conduct occurs when "the defendant knew it was

5

sued but did not care." *Sutherland*, 376 S.W.3d at 755 (quoting *Drewery*, 186 S.W.3d at 576); *Lynch*, 540 S.W.3d at 122. Generally, "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *Sutherland*, 376 S.W.3d at 755 (quoting *In re R.R.*, 209 S.W.3d at 115); *see also O'Connell v. O'Connell*, 843 S.W.2d 212, 217 (Tex. App.—Texarkana 1992, no writ) ("The first prong of the *Craddock* test should be applied liberally to favor the movant."). Further, "conscious indifference means more than mere negligence." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam) (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)). "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith*, 913 S.W.2d at 468 (citing *Bank One, Tex. N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). "Proof of such justification—accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.*

Here, Lora's assertions are uncontroverted by Danny. She states that she was not personally served, but that she believes her brother received the citation. Lora also states that she was not aware that Danny had filed suit until after the trial court rendered its judgment. Likewise, she was not aware of the citation's presence at her mother's house until after the divorce decree was signed by the trial court. According to Lora's affidavit, she asked Danny whether he had filed for divorce in August of 2017—one month before the trial court signed the divorce decree—and he responded by telling her that "he didn't have time to worry about the divorce because he was dealing with other child support issues with another woman." Thus, based on these uncontroverted facts, Lora did not

6

have knowledge that she had been sued. Accordingly, Lora's excuse, if true, negated any intentional or indifferent conduct on her part. *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam) (concluding that failure to answer was neither intentional nor consciously indifferent because of appellant's uncontroverted claim that he did not remember whether he was served or whether he had turned over suit papers to legal counsel); *Sutherland*, 376 S.W.3d at 755 (concluding that failure to answer was neither intentional nor consciously indifferent because of appellant's uncontroverted claim that the citation was left in a stack of papers on a desk and forgotten about due to limited time spent at the office because of weather conditions); *Craddock*, 133 S.W.2d at 125 (concluding that failure to answer was neither intentional nor consciously indifferent when the citation became mixed with the general mail and was not discovered until the day when the default judgment was rendered).

We conclude Lora has satisfied the first prong under *Craddock*. *See Craddock*, 133 S.W.2d at 126.

### 2. Meritorious Defense

We now must determine whether Lora's motion for new trial set up a meritorious defense. *See id.*

A defendant is not required to conclusively prove the defense raised to satisfy the second prong of *Craddock*. *Anderson*, 282 S.W.3d at 155 (citing *Miller v. Miller*, 903 S.W.2d 45, 48 (Tex. App.—Tyler 1995, no writ)); *see Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993). Instead, the true test is whether the defendant's defense, if true, could cause a different result on retrial of the case. *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.); *In re*

7

*A.P.P.*, 74 S.W.3d 570, 574–75 (Tex. App.—Corpus Christi 2002, no pet.). The defense need not lead to an entirely opposite result if proven; it is sufficient if it could prevent at least a portion of the judgment from being sustained in the new trial. *O'Connell*, 843 S.W.2d at 218; *see Liepelt v. Oliveira*, 818 S.W.2d 75, 77 (Tex. App.—Corpus Christi 1991, no writ); *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied). A motion for new trial sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavit or other evidence providing prima facie proof that the defendant has such defense. *Estate of Pollack*, 858 S.W.2d at 392 (citing *Ivy*, 407 S.W.2d at 214); *In re A.P.P.*, 74 S.W.3d at 574–75. Once these requirements are met, controverting evidence offered by the nonmovant should not be considered, and the allegations of a meritorious defense, if sufficiently specific, must be accepted as true despite the presence of disputed facts. *See Estate of Pollack*, 858 S.W.2d at 392; *Ivy*, 407 S.W.2d at 214; *Liepelt*, 818 S.W.2d at 77. We determine whether a meritorious defense was established based on the facts alleged in the movant's motion and supporting affidavits, regardless of whether those facts are controverted. *Evans*, 889 S.W.2d at 270; *Miller v. Miller*, 903 S.W.2d 45, 48 (Tex. App.—Tyler 1995, no writ) ("The court should not deny the motion [as far as whether appellant has established a meritorious defense] on the basis of any contradictory testimony that is offered by the opposing party."); *see, e.g.*, *Ivy*, 407 S.W.2d at 214.

Here, Lora makes the argument for two potential defenses. First, Lora argues that the trial court divided the marital estate unequally and that Danny did not plead, make any allegations, or submit any evidence in support of an unequal division. This claim is

supported by Lora's affidavit, the petition for divorce, and the divorce decree. *See Estate of Pollack*, 858 S.W.2d at 382; *In re A.P.P.*, 74 S.W.3d 570, 574–75.

There is a rebuttable presumption that all the property possessed by either spouse during or on dissolution of marriage is community property. *See* TEX. FAM. CODE ANN. § 3.003 (West, Westlaw through 2017 1st C.S.). A trial court divides the parties' community property "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." *Id.* § 7.001 (West, Westlaw through 2017 1st C.S.). This "just and right" standard is the sole method to account for and to divide community property upon divorce. *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998). However, there must be some reasonable basis for an unequal division of the property. *See O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.); *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ); *see also Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981) (listing non-exclusive factors a trial court considers in an unequal division of the marital estate). Lora alleges that the trial court divided the marital estate unequally and that Danny did not provide it with any basis for such division. Thus, the defense alleged by Lora, if true, would cause a different division of the marital estate on retrial of the case.

Lora also argues that the child support award was calculated incorrectly in violation of statutory guidelines and states in her affidavit that Danny earned $100,000 in 2015.

The Texas Family Code provides guidelines for determining the amount of child support an obligor is to pay. *See* TEX. FAM. CODE ANN. § 154.125 (West, Westlaw through 2017 1st C.S.); *see also id.* § 151.001(a)(8) (West, Westlaw through 2017 1st C.S.) (stating that a parent of a child has the right to receive payments for the support of the

9

child and to hold or disburse funds for the benefit of the child). To determine the amount of child support, a trial court must apply the child support guidelines to the obligor's monthly net resources. *See id.* §§ 154.062, 154.121, 154.125, 154.126 (West, Westlaw through 2017 1st C.S.). Danny's monthly net resources, based on an income of $100,000, would be $8,333.33. *See id.* § 154.062(b)(1). If the obligor's monthly net resources are $8,550 or less, the amount of child support is calculated as a percentage of that amount, depending on whether the children requiring support live in one household or more than one household. *See id.* § 154.125(a), (b).

Here, Lora explains in her affidavit that Danny claims to have seven children he is required to support, including the two children he has with Lora, and the divorce decree ordered Danny to pay her $600 per month in child support. When the obligor's children who require support live in more than one household, the amount of child support is calculated using the method in section 154.128 of the Texas Family Code. *See id.* § 154.128 (West, Westlaw through 2017 1st C.S.). Based on the number of Danny's children before the court and a yearly income of $100,000, Danny would be obligated to pay Lora $1,488.09 per month in child support per the statutory guidelines.[4] *See id.* §§ 154.125, 154.128. However, the trial court only awarded Lora $600 per month. Thus,

---

[4] This amount is calculated by determining the amount of child support under Texas Family Code section 154.125 as if all of Danny's children lived in the same household. *See id.* § 154.128(a)(1) (West, Westlaw through 2017 1st C.S.); *see also id.* §154.125 (West, Westlaw through 2017 1st C.S.). Here, according to Lora's affidavit, Danny provides child support for seven children, including the two they have together (thus, $8,333.33 × .40 = $3,333.33). *See id.* § 154.125. We divide this amount by the total number of children Danny has ($3,333.33/7 = $476.19). *See id.* § 154.128(a)(2). Next, we multiply this amount by the number of children not before the court ($476.19 × 5 = $2,380.95). *See id.* We subtract this amount from Danny's monthly net resources ($8,333.33 - $2380.95 = $5,952.38). *See id.* § 154.128(a)(3). Finally, we apply the child support guidelines to this amount based on Danny's two children before the court ($5,952.38 × .25 = $1,488.09). *See id.* § 154.128(a)(4).

the defense alleged by Lora, if true, would cause a different award of child support on retrial of the case.

We conclude Lora has established a meritorious defense and satisfied the second prong under *Craddock*.  *See Craddock*, 133 S.W.2d at 126.

### 3.    Delay or Injury

"The third requirement of *Craddock* is that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."  *Evans*, 889 S.W.2d at 270 (citing *Craddock*, 133 S.W.2d at 126); *Anderson*, 282 S.W.3d at 155.  "Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff."  *Evans*, 889 S.W.2d at 270; *Anderson*, 282 S.W.3d at 155.  An equitable principle is involved, and the court should deal with the facts on a case-by-case basis in order to do equity.  *Evans*, 889 S.W.2d at 270; *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986).

Here, Lora's affidavit and motion for new trial states that a new trial would not injure Danny and that she "is willing and ready to reimburse [Danny] all reasonable expenses incurred in obtaining the default."  This representation shifted the burden to Danny to prove injury.  *See Estate of Pollack*, 858 S.W.2d at 393; *In re A.P.P.*, 74 S.W.3d at 575–76.  Danny, however, has failed to offer any evidence of injury or delay.  Lora's allegations combined with the lack of controverting allegations by Danny are sufficient to satisfy the requirement set out in *Craddock*'s third prong.  *See Evans*, 889 S.W.2d at 270; *Angelo*, 713 S.W.2d at 98 (citing *Huddleston v. Speegle*, 557 S.W.2d 178 (Tex. Civ. App.—Waco 1977, writ ref'd n.r.e.); *In re A.P.P.*, 74 S.W.3d at 575–76.

11

We conclude Lora has satisfied the third prong under *Craddock*. *See Craddock*, 133 S.W.2d at 126.

**4.    Summary**

Because Lora satisfied the three prongs of *Craddock*, we conclude that the trial court abused its discretion when it did not set aside the default judgment and grant Lora's motion for new trial. *See Dolgencorp*, 288 S.W.3d at 926; *Old Republic*, 873 S.W.2d at 382. Lora's sole issue is sustained.

### III.    CONCLUSION

The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Justice

Delivered and filed the
23rd day of August, 2018.

12