Edwin Troy HAWKINS and Dallas
Juice Co., Inc., Appellants,

v.

Stephen HOWARD, Appellee.

No. 05–02–00085–CV.

Court of Appeals of Texas,
Dallas.

Jan. 6, 2003.

Charles M. Hamilton, Hamilton & Hamilton, Dallas, for Appellant.

Michael F. Pezzulli, Pezzulli, Harris, Krona, Skinner, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from an agreed judgment, Edwin Troy Hawkins and Dallas Juice Company, Inc. contend the trial court abused its discretion in refusing to hear evidence in support of their motion for new trial. The grounds asserted in the motion included breach of the underlying settlement agreement following entry of the judgment, the absence of Dallas Juice Company's signature on the settlement agreement, and alleged fraud in the inducement. Because we conclude the trial court was obligated to hear evidence on the issue of fraud, we remand the cause to the trial court for a hearing on the motion for new trial on that issue.

### I.

Edwin Troy Hawkins was the president of Dallas Juice Company Inc. On August 4, 1999, Stephen Howard filed suit against Hawkins and Dallas Juice, alleging various claims for fraud and breach of contract in connection with a business deal. According to Hawkins, he and Howard eventually signed a written settlement agreement resolving all the claims. On October 9, 2001, the trial court signed an agreed final judgment stating the case had been "actually litigated" and ordering that Howard recover $225,000 in damages from Hawkins and Dallas Juice as well as $4,500 in costs. The judgment was agreed to both as to form and content and signed by the attorney for Howard, the attorney for Hawkins and Dallas Juice, and Howard and Hawkins personally.

On November 8, 2001, Hawkins and Dallas Juice filed a motion for new trial asking the trial court to vacate the agreed judgment because Howard had allegedly breached the confidentiality provisions of the settlement agreement. Hawkins and Dallas Juice argued the judgment was part of the agreed settlement and, therefore, they were entitled to have the judgment set aside. In addition to the alleged breach, they argued Dallas Juice did not sign the settlement agreement and their agreement to the settlement was induced by fraud.

On January 17, 2002, one hundred days after the final agreed judgment was signed, the trial court held a hearing on the motion for new trial but refused to

hear any testimony or take any evidence. The court signed an order on January 18 holding the motion for new trial did not "state proper or sufficient grounds for relief from the Agreed Judgment" and the motion was denied as a matter of law. Hawkins and Dallas Juice bring this appeal contending the trial court abused its discretion in refusing to hear any evidence supporting the motion for new trial and ruling that the grounds set forth in the motion were not proper as a matter of law.

## II.

■■■ When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts alleged by the movant would entitle him to a new trial. *See Hensley v. Salinas,* 583 S.W.2d 617, 618 (Tex.1979). In overruling the motion for new trial in this case as a matter of law, the trial court necessarily found that none of the facts alleged by Hawkins and Dallas Juice, even if true, would entitle them to a new trial. We disagree.

As an initial matter, Howard argues the trial court was not obligated to hear any evidence in support of the motion because the hearing was not conducted until after the motion had been overruled by operation of law. A motion for new trial that is not determined by written order signed within seventy-five days after the judgment was signed is overruled by operation of law. *See* TEX.R. CIV. P. 329b(c). The trial court may, however, grant a new trial, vacate, modify, correct, or reform the judgment within thirty days after the motion for new trial has been overruled by operation of law. *See* TEX.R. CIV. P. 329b(e). The hearing on the motion for new trial in this case was conducted within thirty days after it was overruled by operation of law. Because the trial court had

plenary power to grant the motion at the time it conducted the hearing, we conclude it had the same obligation to hear evidence as if the hearing had been conducted within the seventy five-day period.

■■■ The issue, then, is whether any of the allegations made in the motion would, if true, entitle Hawkins and Dallas Juice to a new trial. Hawkins and Dallas Juice argue Howard materially breached the settlement agreement entitling them to rescission of both the agreement and the agreed judgment stemming from it. Even if Hawkins and Dallas Juice could show the judgment was dependent upon the agreement and there was a material breach of the agreement after the judgment was signed, this would not entitle them to a new trial. An agreed judgment is not invalidated by a subsequent failure to perform a condition on which the consent was based. *See Routon v. Phillips,* 246 S.W.2d 223, 225 (Tex.Civ.App.-Fort Worth 1952, writ ref'd n.r.e.). The validity and correctness of a judgment is not called into question by a subsequent breach because the breach did not occur until after the judgment was signed. *Cf. Compania Financiara Libano, S.A. v. Simmons,* 53 S.W.3d 365, 367 (Tex.2001). Although breach of the settlement agreement may give rise to new claims between the parties, it does not affect the correctness of the judgment at the time it was rendered. Accordingly, Hawkins's and Dallas Juice's argument is without merit.

■■■ Hawkins and Dallas Juice also contend the trial court erred in refusing to hear evidence and grant a new trial on the ground that Dallas Juice did not sign the settlement agreement. Hawkins and Dallas Juice suggest the lack of Dallas Juices's signature raises the issue of the company's consent to the settlement and judgment.

■ A court cannot render a valid agreed judgment when consent of one of the parties is wanting. *See Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951). The consent must exist at the very moment the judgment is rendered and evidence of earlier consent will not suffice. *Id.* Here, the agreed judgment shows it was agreed to as to form and content and signed by the attorneys including the attorney for Dallas Juice. Dallas Juice does not allege its attorney lacked authority as its representative to consent to the judgment. Nor does it allege any other facts in its motion for new trial to show it did not consent to the agreed judgment. Proof that Dallas Juice did not sign the settlement agreement would not, by itself, entitle Dallas Juice to vacation of the judgment and a new trial. Accordingly, the trial court did not err in refusing to hear evidence on this issue.

■ Finally, Hawkins and Dallas Juice contend their consent to the settlement agreement and agreed judgment was induced by fraud and false promises. A judgment obtained by fraud is voidable and may be set aside. *See First Heights Bank, FSB v. Marom,* 934 S.W.2d 843, 846 (Tex.App.-Houston [14th Dist.] 1996, no writ). The allegations of fraud made in the motion for new trial raise an issue about the validity of the judgment at the time it was entered. If Hawkins and Dallas Juice can show they were fraudulently induced to forgo presenting their defenses at trial by false promises made by Howard in connection with the settlement and agreed judgment, Hawkins and Dallas Juice would be entitled to a new trial. The trial court, therefore, was obligated to hear evidence on this issue. *See Hensley,* 583 S.W.2d at 618–19 (Tex.1979).

We vacate the denial of Edwin Troy Hawkins's and Dallas Juice Company, Inc.'s motion for new trial and remand the cause to the trial court with instructions to conduct a hearing on the motion for new trial on the issue of fraud in the inducement.