# NO. 12-23-00140-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REBECCA DE LA ROSA AND CESAR DE LA ROSA,* <br> *APPELLANTS* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KACIE HOPE AVERY AND JASON MATHEW AVERY,* <br> *APPELLEES* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rebecca De La Rosa and Cesar De La Rosa (collectively Appellants) appeal the trial court's summary judgment entered in favor of Appellees Kacie Hope Avery and Jason Mathew Avery (collectively the Averys). Appellants raise five issues on appeal. We reverse and remand in part and affirm in part.

## BACKGROUND

On February 26, 2020, Heston Avery decided to play a prank on A.D.L.R., a friend who came to his house to visit. In so doing, he pointed a shotgun at A.D.L.R. Heston did not believe the shotgun was loaded when he pulled the trigger. The shotgun was, in fact, loaded. It fired. A.D.L.R. later died from his wounds.

Robert Avery, Heston's grandfather, gave Heston the shotgun in 2015, when Heston was twelve or thirteen-years-old and living in Temple, Texas. Because Heston's parents, the Averys, would not allow him to keep the shotgun at their house, Robert kept the gun at his home until the Averys and Heston moved to Joaquin, Texas in late 2018, at which point Robert gave it to Heston to take with him.

Appellants filed the instant suit against Heston, the Averys, and Robert. As to the Averys, Appellants alleged that they were negligent in allowing Heston to possess the shotgun used to kill A.D.L.R. because they knew or should have known that, due to Heston's youth, inexperience, immaturity, reckless nature, complex developmental trauma, attention deficit disorder, and/or other factors, Heston likely would use the shotgun in a manner involving unreasonable risk of harm to himself or others. Appellants similarly alleged that Robert was negligent in that he gave Heston the shotgun.

Appellants agreed to settle their claims against the Averys for $25,000. Appellants signed a release and an agreed judgment, by which their Appellants' case against the Averys was dismissed with prejudice on July 27, 2022. Appellants' case against Robert also was settled and dismissed. Their suit against Heston, the sole remaining defendant, continued.

Thereafter, Appellants assert that, after much delay, they received discovery responses comprising twelve pages of documents from Miracle Farm, Inc., a residential boys ranch Heston attended between 2018 and 2019. Appellants' counsel notified Robert's counsel that this discovery proved that Robert gave false and incomplete deposition testimony and untruthful interrogatory answers. He further suggested in this letter that Appellants reasonably relied on Robert's sworn testimony and discovery responses in making their decision to settle the case against him, none of the information revealed in the Miracle Farm documents was part of settlement negotiations, and they believed that the "boilerplate" settlement and release were procured by Robert's fraud and fraudulent inducement. Appellants' counsel further related that Appellants asked him to take "all appropriate legal actions against [Robert] and Miracle Farm, Inc., including recission of the settlement agreement and release and a separate lawsuit to recover actual and punitive damages." Appellants' counsel subsequently sent an email to the Averys' trial counsel with his letter to Robert's counsel as an attachment. In the email, Appellants' counsel stated, "Please see attached letter to [Robert's attorney] as it is relevant to our case also."

Soon thereafter, the Averys intervened in the still-pending suit between Appellants and Heston and sought a declaratory judgment that the agreed take-nothing judgment and release are binding upon Appellants, final, and serve to conclude the litigation between the parties.[1]

---

[1] Robert intervened seeking a declaratory judgment that the partial take-nothing judgment and release are binding upon Appellants, final, and serve to conclude the litigation between the parties. The trial court granted summary judgment in Robert's favor and issued a severance order as to his declaratory-judgment action. The

Thereafter, they filed a traditional motion for summary judgment, in which they argued that Appellants' claims were barred by res judicata and, further, that they were entitled to a declaratory judgment that the release and agreed, final, take-nothing judgment bars Appellants from seeking recission of the release and final judgment.

Appellants filed a response to the Averys' motion for summary judgment. In their response, they argued, in pertinent part, that the doctrine of res judicata did not apply, the Averys failed to authenticate the exhibits attached to their motion, their suit was not authorized by the Uniform Declaratory Judgment Act (UDJA), and the Averys did not prove that Appellants' actions amounted to anticipatory breach of the settlement agreement.

Ultimately, the trial court granted the Averys' motion for summary judgment and severed the cause between Appellants and the Averys from their suit against Heston. This appeal followed.

## RES JUDICATA

In their first issue, Appellants argue that the trial court erred in granting the Averys' motion for summary judgment because there is no second lawsuit filed by Appellants against them.

### Standard of Review

We review a trial court's summary judgment de novo. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). A trial court may render summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues [presented]." TEX. R. CIV. P. 166a(c); *accord Lightning Oil*, 520 S.W.3d at 45; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "A defendant may obtain summary judgment by conclusively establishing an affirmative defense." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021) (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010)).

We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to

---

opinion related to the appeal of that case to this court in Cause Number 12-23-00112-CV issued on the same day as the opinion in this cause.

that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952); *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

**<u>Governing Law</u>**

The doctrine of res judicata, or claim preclusion, bars causes of action that already have been adjudicated fully or that, with the use of diligence, could have been brought in the prior suit. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (citing *Eagle Oil & Gas*, 619 S.W.3d at 705). "The doctrine is necessary to 'bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.'" *Eagle Oil & Gas*, 619 S.W.3d at 705 (quoting *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)). Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Rosetta Res. Operating*, 645 S.W.3d at 225 (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

Additionally, a judgment in one suit will not operate as res judicata to a subsequent suit on the same question between the same parties where, in the interval, the facts have changed, or new facts have occurred which may alter the legal rights or relations of the parties. *Hernandez v. Del Ray Chem. Intern., Inc.*, 56 S.W.3d 112, 116 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (citing *Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 949–50 (Tex. 1990)).

For res judicata to apply, a claim must be in existence at the time suit is filed and cannot be merely a prospective or anticipated claim. *See Hernandez*, 56 S.W.3d at 116 (citing *Cowling v. Colligan*, 312 S.W.2d 943, 947 (Tex. 1958)) (a judgment is res judicata "only of present and not future conditions"). Thus, a judgment does not bar a subsequent action arising from the same set circumstances if the subsequent claim accrued after the original judgment. *Hernandez*, 45 S.W.3d at 116.

**Discussion**

We begin our analysis by recognizing that res judicata is an affirmative defense, which the Averys first raised in their motion for summary judgment. *See* TEX. R. CIV. P. 94. Appellants argue that the Averys failed to establish their entitlement to judgment as a matter of law with regard to res judicata because there is no summary-judgment evidence establishing that Appellants filed a second action against the Averys based on the same claims as were raised or could have been raised in the first action. *See Rosetta Res. Operating*, 645 S.W.3d at 225. We agree.

The Averys' declaratory-judgment action arises from Appellants' contention that Robert and the Averys fraudulently induced their respective settlement agreements and releases with Appellants. But there is no indication in the summary-judgment record that Appellants have sought recovery *against the Averys* on that basis. Because there is no summary-judgment evidence that Appellants filed a second lawsuit, in which they raise the same claims against the Averys as were raised or could have been raised in the underlying litigation or initiated such an action as a counterclaim in the underlying litigation after the rendition of the agreed judgment, we hold that the affirmative defense of res judicata does not apply. *See id.* Appellants' first issue is sustained.

**RELEASE AND WAIVER-OF-RELIANCE CLAUSE**

In their second issue, Appellants argue that the trial court erred in granting summary judgment because there were genuine issues of material fact as to whether the release and settlement agreement bars future, fraudulent-inducement claims against the Averys because the waiver-of-reliance provision in the release is not binding upon Appellants.

Summary judgments only may be granted upon grounds expressly asserted in the summary-judgment motion. *See Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 876

(Tex. App.–Houston [14th Dist.] 2013, pet. denied); *see also* TEX. R. CIV. P. 166a(c). Moreover, the nonmovant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary-judgment. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118 (Tex. App.–Houston [14th Dist.] 2007, no pet.); *Dubose v. Worker's Medical, P.A.*, 117 S.W.3d 916, 920 (Tex. App.–Houston [14th Dist.] 2003, no pet.); *see* TEX. R. CIV. P. 166a(c). Issues are not expressly presented by mere reference to summary judgment evidence. *McConnell*, 858 S.W.2d at 341; *see Dubose*, 117 S.W.3d at 920; *D.M. Diamond Corp. v. Dunbar Armored, Inc.*, 124 S.W.3d 655, 659–60 (Tex. App.–Houston [14th Dist.] 2003, no pet.).

But summary judgments must stand or fall on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *McConnell*, 858 S.W.2d at 343 (citing *Clear Creek*, 589 S.W.2d at 678); *Tello*, 218 S.W.3d at 118–19. If a nonmovant fails to present any issues in its response, the movant's right is not established, and the movant still must establish its entitlement to summary judgment. *McConnell*, 858 S.W.2d at 343 (citing *Clear Creek*, 589 S.W.2d at 678); *Tello*, 218 S.W.3d at 119. "The effect of such a failure is that the nonmovant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *McConnell*, 858 S.W.2d at 343 (citing *Clear Creek*, 589 S.W.2d at 678); *Tello*, 218 S.W.3d at 118–19.

In the instant case, the Averys did not raise the issue in their motion for summary judgment that the waiver-of-reliance provision in the release is binding on Appellants and prevents them from seeking its recission, nor did Appellants, in their response, raise the argument they now raise on appeal, i.e., that they are not bound by this provision. Nonetheless, Appellants' argument can be interpreted as a challenge to the sufficiency of the Averys' motion for summary judgment. *See* TEX. R. APP. P. 38.1(f) (statement of issue "will be treated as covering every subsidiary question that is fairly included"); *cf. also Bean v. Reynolds Realty Grp., Inc.*, 192 S.W.3d 856, 861 (Tex. App.–Texarkana 2006, no pet.) (court of appeals has discretion sua sponte to address legal insufficiency of summary judgment motion even though issue is not raised precisely by parties on appeal).

In a declaratory-judgment action, a party who asserts an affirmative claim for relief has the burden of proving its allegations. *Castille v. Serv. Datsun, Inc.*, No. 01-16-00082-CV, 2017

WL 3910918, at *3 (Tex. App.–Houston [1st Dist.] Sept. 7, 2017, no pet.) (mem. op.); *see* ***Saba Zi Expl., LP v. Vaughn***, 448 S.W.3d 123, 129 n.11 (Tex. App.–Houston [14th Dist.] 2014, no pet.); *see also* ***Alanis v. US Bank Nat'l Ass'n***, 489 S.W.3d 485, 500 (Tex. App.–Houston [1st Dist.] 2016, pet. denied) (party seeking declaration bears burden of establishing entitlement to requested declaratory judgment).

Furthermore, "[a] disclaimer of reliance on representations, 'where the parties' intent is clear and specific, should be effective to negate the element of reliance.'" ***Forest Oil Corp. v. McAllen***, 268 S.W.3d 51, 56 (Tex. 2008); ***Worldwide Asset Purchasing, L.L.C. v. Rent-A-Ctr. E., Inc.***, 290 S.W.3d 554, 566 (Tex. App.–Dallas 2009, no pet.). An all-embracing disclaimer of any and all representations shows the parties' clear intent. ***Id.*** However, "facts may exist where the disclaimer lacks 'the requisite clear and unequivocal expression of intent necessary to disclaim reliance' on the specific representations at issue." ***Forest Oil Corp.***, 290 S.W.3d at 60. As a result, when determining whether a waiver-of-reliance provision is binding, courts <u>must always</u> <u>examine the contract itself and the totality of the surrounding circumstances</u>, including whether: (1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties discussed the issue which has become the topic of the dispute; (2) the complaining party was represented by counsel; (3) the parties dealt with each other in an arm's length transaction; (4) the parties were knowledgeable in business matters; and (5) the release language was clear. *See id.* (emphasis added); ***Worldwide Asset Purchasing***, 290 S.W.3d at 566.

Here, the Averys sought a declaratory judgment that the "Release and Agreed Final Take Nothing Judgment" is binding and "bars [Appellants] from seeking recission of the Release and Final Judgment." The trial court's order granting summary judgment in their favor includes a declaration that the settlement release in question is binding and bars Appellants "from seeking recission of said Release and Final Judgment" against the Averys. But the Averys bore the burden of proving their entitlement to a declaratory judgment on the affirmative relief they sought. The trial court could not make its declaration regarding the binding nature of the agreement and Appellants' ability to seek recission of the release based on the waiver-of-reliance provision without the required examination of both the contract itself and the totality of the surrounding circumstances. *See* ***Alanis***, 489 S.W.3d at 500; *see also* ***Forest Oil Corp.***, 290 S.W.3d at 60; ***Worldwide Asset Purchasing***, 290 S.W.3d at 566. Accordingly, we hold that the trial court erred in granting its declaratory summary-judgment that Appellants are barred from

seeking recission of the release against the Averys because the Averys failed to make any argument in their motion for summary judgment in support of such a finding. *See Alanis*, 489 S.W.3d at 500; *see also Forest Oil Corp.*, 290 S.W.3d at 60; *McConnell*, 858 S.W.2d at 341 (issues not expressly presented by mere reference to summary judgment evidence). Appellants' second issue is sustained.

## ENTITLEMENT TO RELIEF UNDER THE UNIFORM DECLARATORY JUDGMENT ACT

In their third issue, Appellants argue that the trial court erred in granting summary judgment in the Averys' favor because the UDJA does not apply to potential tort claims and cannot be used to interpret an earlier judgment.

### Determination of Tort Liability versus Interpretation of Contract

The purpose of the UDJA is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2020). Among other instances in which a declaratory judgment would be proper, the Act provides that an interested person under a written contract, or other writings constituting a contract, may seek a determination of any question of construction or validity arising under the instrument and may obtain a declaration of rights, status, or other legal relations thereunder. *See id.* § 37.004(a) (West 2020). A contract may be construed either before or after a breach. *See id.* § 37.004(b).

However, as Appellants note, a potential defendant may not use a declaratory-judgment action to determine its potential tort liability. *See Stark v. Benckenstein*, 156 S.W.3d 112, 117 (Tex. App.–Beaumont 2004, pet. denied). This rule evolves from the recognition that only plaintiffs may sue for torts. *Id.*; *see Hartman v. Sirgo Operating, Inc.*, 863 S.W.2d 764, 767 (Tex. App.–El Paso 1993, writ denied). In a contractual relationship, any party may breach the contract, and, thus, any party may sue for the breach and seek a judicial determination of contractual rights. *Stark*, 156 S.W.3d at 117. Since a release is a contract, a party is entitled to request a determination of questions of construction or validity arising under the instrument and to obtain a declaration of rights, status, or other legal relations thereunder. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a); *Stark*, 156 S.W.3d at 117 (citing *Swanson*, 959 S.W.2d at 178); *see also Bennett v. Zucker*, No. 05-20-00488-CV, 2021 WL 3701374, at *4 (Tex. App.–Dallas Aug. 20, 2021, pet. denied) (mem. op.); *Hartman*, 863 S.W.2d at 767.

8

In the instant case, the Averys sought, among other things, a declaration that the release and settlement agreement between them and Appellants is valid, enforceable, and binding upon the parties. As demonstrated by their pleadings, the requested declaration, insofar as it related to an interpretation of the validity, enforceability, and binding nature of the release, did not amount to an attempt to seek a determination of their potential tort liability.[2] *See, e.g.*, **Stark**, 156 S.W.3d at 117. Instead, they sought a judicial determination of their rights under a contract. *See id.*; **Crossley v. Staley**, 988 S.W.2d 791, 797 (Tex. App.–Amarillo 1999, orig. proceeding).

*Justiciability*

A contract may be construed in a declaratory-judgment action before breach occurs, regardless of whether further relief is or could be claimed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.003(a) (West 2020), 37.004(b); **MBM Fin. Corp v. Woodlands Oper. Co.**, 292 S.W.3d 660, 667 (Tex. 2009); **Bright v. Addison**, 171 S.W.3d 588, 606 (Tex. App.–Dallas 2005, pet. denied). But a declaratory judgment is available only if a real and substantial controversy exists between the parties, which requires a showing that litigation is imminent unless the contractual uncertainties are resolved judicially. *See* **Paulsen v. Tex. Equal Access to Justice Found.**, 23 S.W.3d 42, 46 (Tex. App.–Austin 1999, pet. denied). An action for declaratory judgment will lie when the fact situation manifests the presence of "ripening seeds of a controversy." **Save Our Springs All. v. City of Austin**, 149 S.W.3d 674, 683 (Tex. App.–Austin 2004, no pet.). This occurs where the claims of several parties are present and indicative of threatened litigation in the immediate future which seems unavoidable, even though the differences between the parties as to their legal rights have not reached the state of an actual controversy. *Id.*

In the instant case, the summary-judgment record contains a letter dated September 19, 2022, from Appellants' trial counsel to Robert's trial counsel. In that letter, Appellants' counsel notified Robert's counsel that certain discovery Appellants received from Miracle Farm proved

---

[2] The trial court's blanket declaration in its summary judgment order that the release bars Appellants from seeking its recission is concerning because such a declaration appears to stray from the trial court's permissible function of interpreting the release and, instead, potentially sets forth a possible legal conclusion that the release is established as an affirmative defense to a prospective fraudulent-inducement claim. *See* **Nelson v. Najm**, 127 S.W.3d 170, 176 (Tex. App.–Houston [1st Dist.] 2003, pet. denied) (recission is equitable remedy available in fraudulent inducement matters). However, because of our resolution of Appellants' second issue, which did not require that we address the merits of the waiver-of-reliance issue, the determination of the justiciability of the Averys' declaratory judgment on that basis is not necessary to our disposition of this appeal. *See* TEX. R. APP. P. 47.1.

that Robert gave false and incomplete deposition testimony and untruthful interrogatory answers. He further suggested in this letter that Appellants reasonably relied on Robert's sworn testimony and discovery responses in making their decision to settle the case against him, none of the information revealed in the Miracle Farm documents was part of settlement negotiations, and they believed that the "boilerplate" settlement and release were procured by Robert's fraud and fraudulent inducement. Appellants' counsel further related that Appellants asked him to take "all appropriate legal actions against [Robert] and Miracle Farm, Inc., including recission of the settlement agreement and release and a separate lawsuit to recover actual and punitive damages." The summary-judgment record also includes a copy of an email Appellants' trial counsel subsequently sent to the Averys' trial counsel. In that email, which included as an attachment, the September 19 letter, Appellants' counsel stated, "Please see attached letter to [Robert's attorney] as it is relevant to our case also."

It is undisputed that both Robert and the Averys previously were co-defendants, along with Heston, in the underlying matter before their cases were dismissed pursuant to settlement. The email Appellants' counsel sent to the Averys' counsel, in which he stated that the attached letter, which threatened a separate lawsuit to recover actual and punitive damages against Robert, is relevant to Appellants' case against the Averys, sufficiently presents a fact situation, which manifests the presence of "ripening seeds of a controversy." *See **Save Our Springs All***, 149 S.W.3d at 683. Accordingly, we conclude that there existed a justiciable controversy for the Averys' declaratory-judgment action against Appellants to seek an interpretation of the release and settlement agreement.

## Impermissible Interpretation of Prior Judgment

Appellants further argue that the UDJA cannot be used to interpret earlier judgments. *See **Samedan Oil Corp. v. Louis Dreyfus Nat. Gas Corp.***, 52 S.W.3d 788, 792 (Tex. App.– Eastland 2001, pet. denied). But here, the Averys did not seek, nor did the trial judge render, a declaratory judgment interpreting the terms of the parties' agreed judgment. Instead, the trial court declared that the judgment was binding and final, which does not amount to an impermissible interpretation of a prior judgment. *See **id.*** Similarly, we conclude that a declaration that a judgment is "binding," without more, does not amount to impermissible

interpretation.[3]  *Cf. Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 854 (Tex. App.–San Antonio 1997, pet. denied) (agreed judgment is binding as to parties to agreement).

## Summation

Based on the foregoing, we hold that because there was a justiciable controversy between the parties, the Averys were entitled to pursue relief under the UDJA to seek a declaration as to the construction and validity of the release between them and Appellants, as well as a declaration that the agreed judgment was final and binding as to the Averys and Appellants.  Appellants' third issue is overruled.

### ANTICIPATORY BREACH OF THE RELEASE AGREEMENT

In their fourth issue, Appellants argue that the trial court erred in granting summary judgment because there was no summary-judgment evidence of anticipatory breach of the settlement release by Appellants.  Based on our review of the record, the Averys did not move for summary judgment or seek a declaratory judgment that Appellants' actions amounted to anticipatory breach of the release and settlement agreement.  Appellants' argument, which they also made in their response to the Averys' motion for summary judgment, appears to relate to a single statement in Appellants' motion underlying their request for declaratory relief.  However, as set forth above, a contract may be construed in a declaratory-judgment action before breach occurs, regardless of whether further relief is or could be claimed.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.003(a), 37.004(b); *MBM Fin. Corp*, 292 S.W.3d at 667; *Bright*, 171 S.W.3d at 606.

---

[3] The trial court's declaratory judgment also states that Appellants are barred from seeking recission of not only the release but the Agreed Final Judgment as well.  Assuming without deciding the propriety of this declaration as to the agreed judgment under the UDJA, we note that even where there is proof that an agreed judgment is dependent upon a settlement agreement, proof that might ordinarily give rise to the remedy of recission of a contract, such as a material breach of the agreement after the judgment is signed, does not serve to invalidate the agreed judgment.  *See Hawkins v. Howard*, 97 S.W.3d 676, 778 (Tex. App.–Dallas 2003, no pet.).  In this example, the validity and correctness of a judgment is not called into question by a subsequent breach because the breach did not occur until after the judgment was signed.  *See id.* (citing *cf. Compania Finaciara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001)).  And although breach of the settlement agreement may give rise to new claims between the parties, it does not affect the correctness of the judgment at the time it was rendered.  *Hawkins*, 97 S.W.3d at 778.  Here, in our disposition of Appellants' second issue, we held that the trial court's declaration that Appellants cannot seek recission of the judgment based on waiver-of-reliance is erroneous.  Such a declaration as it may relate to breach or anticipatory breach would not be erroneous.  *See id.*  However, because the Averys did not raise this argument in their motion for summary judgment, the declaration that Appellants are barred from seeking recission of the Final Judgment against the Averys nonetheless is erroneous.  *See Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 876 (Tex. App.–Houston [14th Dist.] 2013, pet. denied); *see also* TEX. R. CIV. P. 166a(c) (Summary judgments only may be granted upon grounds expressly asserted in the summary-judgment motion).

Here, Appellants' argument about anticipatory breach cannot be construed to raise additional arguments with regard to the justiciability of the Averys' declaratory-judgment action because anticipatory breach of contract is not the standard for justiciability. *Compare **Taylor Pub. Co. v. Sys Mktg., Inc.***, 686 S.W.2d 213, 217 (Tex. Civ. App.–Dallas 1984, writ ref'd n.r.e) (setting forth elements of anticipatory breach) *with **Paulsen***, 23 S.W.3d at 46 (setting forth standard of justiciability of declaratory-judgment actions). Therefore, we hold that Appellants' fourth issue bears no relation to a ground on which the Averys sought summary judgment and cannot be construed as an additional argument related to the justiciability of the Averys' declaratory-judgment action. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made with appropriate citations to authorities); *see also* TEX. R. CIV. P. 166a(c); ***Ortiz***, 401 S.W.3d at 876 (summary judgment only may be granted upon grounds expressly asserted in summary-judgment motion). Appellants' fourth issue is overruled.

## SUMMARY JUDGMENT EVIDENCE

In their fifth issue, Appellants argue that the trial court abused its discretion by considering the Averys' summary-judgment evidence because the evidence was not authenticated.

The same evidentiary standards which apply in trials also control the admissibility of evidence in summary-judgment proceedings. ***Seim v. Allstate Tex. Lloyds***, 551 S.W.3d 161, 163 (Tex. 2018); ***United Blood Servs. v. Longoria***, 938 S.W.2d 29, 30 (Tex. 1997). But the rules of error preservation also apply. ***Seim***, 551 S.W.3d at 164; *see **Mansions in the Forest, L.P. v. Montgomery Cty.***, 365 S.W.3d 314, 317–18 (Tex. 2012). To preserve a complaint for appellate review, a party must (1) complain to the trial court by way of "a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." ***Seim***, 551 S.W.3d at 164; *see* TEX. R. APP. P. 33.1(a). And if purported summary-judgment evidence presents a defect in "form," that defect cannot provide grounds for reversal unless specifically pointed out by objection by an opposing party, and where the offending party had an opportunity to correct the objectionable matter but refused to do so. *See* TEX. R. CIV. P. 166a(f).

An objection to the authentication of summary-judgment evidence is an objection to the form rather than the substance of the evidence. *See **Commint Tech. Servs., Inc. v. Quickel***, 314 S.W.3d 646, 651 (Tex. App.–Houston [14th Dist.] 2010, no pet.). Since Appellants' lack-of-

authentication objection was to the form of the evidence, they were required not only to object but also to obtain a ruling on their objection. *Seim*, 551 S.W.3d at 164. Here, the record does not support that Appellants ever secured a ruling on their lack-of-authentication objection they now seek to raise on appeal. Accordingly, we hold that Appellants' objections were not preserved for review. *See* TEX. R. APP. P. 33.1(a); *Quickel*, 314 S.W.3d at 651. Appellants' fifth issue is overruled.

## CONCLUSION

We have sustained Appellants' first and second issues and overruled their third, fourth, and fifth issues. Having done so, we reverse the trial court's summary judgment, as well as the declaratory portion of that judgment to the extent it declares that (1) Appellants are bound by the waiver-of-reliance provision of the release and settlement agreement and (2) the trial court's judgment dated July 27, 2022, in the underlying cause bars Appellants from seeking rescission of the Release and Final Judgment against the Averys, and *remand* the cause for further proceedings consistent with this opinion. We *affirm* the portion of the trial court's declaratory judgment as to the declaration that the July 27, 2022 Agreed Judgment is binding and final. All currently pending motions in this appeal are hereby *overruled as moot*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

13


**REBECCA DE LA ROSA AND CESAR DE LA ROSA,**
Appellants
V.
**KACIE HOPE AVERY AND JASON MATHEW AVERY,**
Appellees

Appeal from the 273rd District Court
of Shelby County, Texas (Tr.Ct.No. 20CV35415-B)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the judgment be **reversed in part**, including the declaratory portion of the judgment to the extent it declares that (1) Appellants Rebecca De La Rosa and Cesar De La Rosa, are bound by the waiver-of-reliance provision of the release and settlement agreement and (2) the trial court's judgment dated July 27, 2022, in the underlying cause bars Appellants from "seeking rescission of the Release and Final Judgment against Appellees Kacie Hope Avery and Jason Mathew. Avery, that the cause be **remanded** to the trial court **for further proceedings** consistent with this opinion, and that the remainder of the trial court's declaratory judgment that the July 27,

2022 agreed judgement is binding and final be **affirmed**; and that this decision be certified to the court below for observance.  Cost on appeal are taxed against the party incurring same.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*